# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LUIS MIGUEL VELAZQUEZ,** | ) | **CASE NO. 4:25 CV 1880** |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | **OPINION AND JUDGMENT ENTRY** |
| Respondent. | ) | |

*Pro se* Petitioner Luis Miquel Velazquez, a federal inmate incarcerated at the Northeast Ohio Correctional Center, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)[1] He seeks 89 days of sentence credit for time he spent in U.S. Marshal Service custody that he states has not been "included in the computation of [his] total time served to date." (*Id*. at 7, ¶ 13.)

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1] The action was transferred here from the District Court for the Eastern District of Pennsylvania.

The Court finds that the Petition must be dismissed.  Before a prisoner may seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons (BOP).  *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).  Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id*.

Petitioner admits that he has not exhausted administrative remedies, but he asserts he is confined in a facility that "do[es] not offer the BOP administrative remedy program."  (Doc. No. 1 at 7, ¶ 13.).  A prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available, but the United States Court of Appeals for Sixth Circuit requires a prisoner to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cty., Ky*., 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations and citations omitted) (discussing exhaustion under the PLRA).  The Sixth Circuit has "consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." *Id*. at 224.

Here, Petitioner has not demonstrated that he has made any effort to seek a remedy with the BOP as to his contention with respect to his sentence credit.  His conclusory assertion that an "administrative remedy program" is not available is not enough to excuse exhaustion.

**Conclusion**

Accordingly, the Petition is hereby dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               9/17/2025
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE